IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3285-BO

| TRACEY TERRELL GRADY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. SPRANG, DR. EVANS, NURSE | ) | |
| LOVE, DEPARTMENT OF PUBLIC | ) | |
| SAFETY, and MEDICAL STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

The matter now comes before the court on plaintiff's two amended complaints (DE 17, 18) and the memorandum and recommendation ("M&R") (DE 16) of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that the court dismiss portions of plaintiff's complaint. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and directs plaintiff to file one amended complaint.

## DISCUSSION

A.  The Memorandum and Recommendation

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific

error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

On October 26, 2016, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Dr. Sprang ("Sprang"), Dr. Evans ("Evans"), Nurse Love ("Love"), the North Carolina Department of Public Safety ("DPS"), the Pasquotank Medical Staff, and the Medical Staff at Central Prison Hospital. Plaintiff alleged that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleged that defendants Evans and Love directed racial epithets at him while they were examining or treating him. On June 26, 2017, the magistrate judge conducted a review of plaintiff's complaint and recommends dismissal of certain portions of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2), the court will dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, the magistrate judge recommends dismissing plaintiff's action against DPS, the medical staff defendants, and plaintiff's claims against defendants in their official capacities for failure to state a claim. The magistrate judge also recommends dismissing plaintiff's claim of racial discrimination and/or profiling for failure to state a claim. Finally, the magistrate judge recommends

2

dismissal of plaintiff's Eighth Amendment claim against defendant Sprang arising out of plaintiff's April 2016 surgery. The magistrate judge, however, permitted plaintiff the opportunity to submit an amended pleading providing additional details surrounding his remaining allegations against defendant Sprang. Having carefully reviewed the filings in this case and the M&R, the court agrees with the conclusions reached by the magistrate judge and, thus, ADOPTS his findings and recommendations.

B.  Plaintiff's Amended Pleadings

As stated, the magistrate judge permitted plaintiff the opportunity to supplement his allegations against defendant Sprang by filing an amended pleading. In response, plaintiff filed two new complaints raising new claims and allegations. This fails to comply with the magistrate judge's direction that plaintiff file <u>one</u> amended complaint. Due to the confusion caused by plaintiff's filings, the court now provides plaintiff an additional opportunity to file <u>one</u> amended complaint, which the court will construe as the complaint in its entirety. Plaintiff is DIRECTED to name the party or parties responsible for his alleged constitutional deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Finally, plaintiff again is warned that the amended complaint will be considered the complaint in its entirety, and the court will not review plaintiff's other filings to glean any misplaced claims.

3

## CONCLUSION

The court ADOPTS the magistrate judge's findings and recommendations (DE 16). Plaintiff is DIRECTED to file <u>one</u> amended complaint by September 26, 2017.

SO ORDERED, this the __18__ day of August, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

4